[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 44, and the defendant wife, 50, whose birth name is Clark, married on December 27, 1974 in London, England. Two children have been born to the marriage, Tate Clark Briley, born April 26, 1980 and Jalla Faye Briley, born February 14, 1983. The remaining allegations of the complaint are all found to be proven and true. Both parties are in good health.
The plaintiff holds the equivalent of a C.P.A. When married he was employed by a computer company's accounting office. In 1979, the plaintiff was offered a position by the State of Bahrain, which he accepted. The parties moved there where they remained for three years. The older child was born during this time. Upon returning to England, he was employed by Coopers Lybrand as a consultant where he remained until being transferred to the U.S.A. In July, 1987. In late 1996 he was offered his present position by American Management Associates. In December, 1996 he accepted the offer giving him a base salary of $150,000.00, a signing bonus of $15,000.00 and two guaranteed bonuses of $20,000.00 paid in April and $22,500 due in December. He lists regular net disposable income as $9,174.00 and net bonus income as $8,675 received in January, $11,963.40 received in April and $13,500 due in December. The total net income barring any additional bonus is $144,226.00. The plaintiff has spent 150 days of the first six months of this year on assignment in Florida. His expense account, paid by the client, averages $25,000.00 monthly for his quarters, rental cars, lunch and dinner and other work related expenses. He also receives $4,800.00, net of taxes, annually from the New Jersey Lottery. There are 17 remaining installments.
The evidence establishes that the plaintiff has displayed an earning capacity ranging from $150,000.00 to $170,000.00 over the past several years. Although his skills are in demand he has honed CT Page 9347 them by accepting posts in various parts of the world for months at a time on occasion.
The defendant had worked retail establishments until 1979 when the move to Bahrain occurred. Local custom prevented her from working in that country. The defendant is now listed as an available catering waitress with one caterer. She has not sought other employment. Her skills are limited as is her formal education.
The parties own the marital home, occupied by the defendant and the children, known as Cross Ridge Drive, Old Greenwich, which the plaintiff values at $555,000.00 and the defendant values at $500,000.00. The property is encumbered by a mortgage of $400,000.00 recently obtained to pay for an addition. The plaintiff has been paying the monthly installments, including tax escrow of $3,000.00. In addition, he has been giving the defendant $4,100.00 monthly voluntarily, non-taxable to the defendant.
The parties also own a home in England which they both value at $248,000.00. It is subject to a $98,000.00 mortgage balance. It is currently rented thereby covering ongoing expenses.
The cause of the marriage breakdown the court finds to be primarily attributable to the plaintiff's infidelity. It serves no purpose to detail his activities in this respect, except to observe the first affair, of several months duration, occurred in 1986. The plaintiff moved from the family home in late 1995 to join another woman where he has remained to the present.
Having reviewed the evidence in light of the statutory criteria of § 46b-81 and § 46b-82, and applicable case law, and having evaluated the credibility of the witnesses, the court enters judgment dissolving the marriage on the ground that it has broken down irretrievably and enters the following orders.
1. The parties are awarded joint legal custody of their children as agreed upon by the parties with primary residence and physical custody with their mother. Their father shall have reasonable visitation rights.
2. The plaintiff shall pay to the defendant as unallocated alimony and child support the sum of $6,500.00 each month. This order shall remain in effect until the death of either party, the CT Page 9348 defendant's remarriage or next June when the older child is expected to graduate from high school after becoming 18 years old in April. The July, 1998 monthly payment shall be $5,750.00 until subsequently modified by future court order as well as by remarriage or death. All payments shall be due on the first day of each month. The plaintiff shall receive credit for any payment made to defendant for September expenses. In addition, the plaintiff shall pay to the defendant one-third of all bonus payments he shall receive in the future, until July 31, 1999, net of minimum taxes withheld by the employer as determined by law or the employer, not the plaintiff.
3. The defendant is awarded sole ownership of the Old Greenwich house together with its contents. The defendant's attorney shall prepare the quit-claim deed, including a mortgage assumption covenant, and the defendant shall bear the costs of transfer. If no deed is executed within 30 days, the transfer shall be effected by statute. The defendant shall be solely responsible for the mortgage, taxes, insurance and maintenance of the property.
4. The home in England is ordered sold. The parties shall divide the net proceeds equally.
5. The plaintiff's pension plans maintained by Coopers 
Lybrand are ordered divided equally between the parties via a Q.D.R.O.
6. The plaintiff's securities account shall be divided equally by the parties, by liquidation if an in kind division fails, after reasonable efforts are made by each party.
7. The plaintiff shall retain the remaining installments due from the New Jersey Lottery as his sole property.
8. The plaintiff shall continue to maintain the children on his medical insurance. Section 46b-84 (d) shall apply to this order. All uninsured deductibles and bill balances shall be divided equally between the parties.
9. The plaintiff shall provide $100,000.00 life insurance coverage for the defendant so long as he is obliged to pay alimony or until he attains 60 years, whichever event first occurring shall terminate this obligation. He shall name the minors as primary beneficiaries of $100,000.00 life insurance respectively so long as CT Page 9349 he is legally liable for each child's support. His current group policy may be utilized for this purpose.
10. The plaintiff shall not interfere with the defendant's right to COBRA medical insurance coverage.
11. The defendant shall retain the 1997 installment paid by the New Jersey Lottery to help defray her legal expenses. In addition, the plaintiff shall pay $3,000.00 to the defendant as an allowance to defend due on or before December 15, 1997.
Counsel for the plaintiff shall draft the judgment file.
HARRIGAN, J.